**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ROBERT D. HORTON,**

    **Petitioner,**

    **v.**

**WARDEN, NOBLE CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NOS. 2:19-CV-4029; 2:19-CV-4503
CHIEF JUDGE ALGENON L. MARBLEY
Chief Magistrate Judge Elizabeth P. Deavers**

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this consolidated petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the consolidated petition, Respondent's Return of Writ, Petitioner's Reply, and the exhibits of the parties. For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED.**

I.    **BACKGROUND**

Petitioner challenges his convictions in the Muskingum County Court of Common Pleas on two counts of trafficking in cocaine. The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 3} This case carne about from an investigation by the Central Ohio Drug Enforcement ("CODE") Task Force using a confidential informant ("CI"). The intended target was Appellant's son, Robert Horton, Jr., but due to the nature of the drug enterprise, the CI could not directly approach Horton, Jr. The CI was friends with Appellant and approached him to introduce the CI to Horton, Jr. While unintended, Appellant agreed to facilitate a drug buy between Horton, Jr. and the CI. Two separate drug buys were made, each for approximately 28 grams of cocaine.
>
> {¶ 4} Appellant conducted the first controlled buy. During the second controlled buy, Appellant put the CI in direct contact with Horton, Jr. The proceeds from both of these illegal transactions went to Horton, Jr.

> {¶ 5} On June 3, 2015, Appellant, Robert Horton, Sr. was indicted on two counts of Trafficking in Cocaine, one with a Forfeiture specification, and both were first degree felonies.
>
> {¶ 6} On August 19, 2015, Appellant pled no contest to one count of Trafficking in Cocaine, amended to a third degree felony, and one count of Trafficking in Cocaine, a felony of the first degree.
>
> {¶ 7} On October 5, 2015, the trial court sentenced Appellant to a mandatory term of five (5) years on the first degree felony and two (2) years on the third degree felony, to be served concurrently, for an aggregate sentence of five (5) years.
>
> {¶ 8} Appellant now appeals, setting forth the following assignment of error:
>
> ASSIGNMENT OF ERROR
>
> {¶ 9} "I. THE COURT ERRED IN CONVICTING APPELLANT OF FIRST AND THIRD DEGREE TRAFFICKING OFFENSES AS THESE COCAINE OFFENSES INVOLVED MIXED SUBSTANCES UNDER RC. 2925.03(C)(4)(A) THROUGH (F), AND THE STATE FAILED TO ESTABLISH THE WEIGHT OF ACTUAL COCAINE MET THE REQUISITE STATUTORY THRESHOLD AFTER EXCLUDING THE WEIGHT OF FILLER MATERIALS USED IN THE MIXTURE."

*State v. Horton*, 5th Dist. No. CT2015-0053, 2016 WL 7367833, at *1 (Ohio Ct. App. Dec. 12, 2016). On December 12, 2016, the appellate court affirmed the trial court's judgment. *Id*. On September 13, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Horton,* 150 Ohio St.3d 1430 (Ohio 2017). Petitioner also pursued post-conviction relief:

> {¶ 7} On February 16, 2016, Appellant filed a handwritten "Motion to Vacate Sentence" with the trial court. The state filed a memorandum in opposition to the same on February 23, 2016. It does not appear that the trial court ruled upon this pro se motion. In its memorandum, the state conceded that the trial court was required to make findings of fact and conclusions of law.
>
> {¶ 8} On June 20, 2016, Appellant filed pro se a typewritten "Motion for Reconsideration to Vacate Sentence" with the trial court. The state filed its opposition to the motion on June 20, 2016. It does not appear in the record that the trial court ruled upon this motion.
>
> {¶ 9} Thereafter, on August 17, 2016, Appellant filed a "Petition to Vacate or Set Aside Judgment of Conviction and Sentencing (Evidentiary Hearing Requested)" with the trial court, arguing that he received ineffective assistance of trial counsel.

> Appellant alleged that he entered a plea on the advice of counsel and that, prior to sentencing, he sought to withdraw his plea on the grounds that the Detective K.C. Jones had broken the chain of custody and tampered with and substituted the evidence prior to it being submitted for testing. The state filed its opposition on August 31, 2016 and appellant filed a response on September 8, 2016. On October 14, 2016, Appellant filed a "Motion for Summary Judgment" with the trial court. On March 6, 2017, Appellant filed a "Motion for Ruling" with the trial court. As memorialized in a Judgment Entry filed on March 16, 2017, the trial court summarily denied appellant's Petition to Vacate or Set Aside and his Motion for Summary Judgment.
>
> {¶ 10} Appellant then appealed. Pursuant to an Opinion filed on July 8, 2017, this Court, in *State v. Horton*, 5th Dist. Muskingum No. CT2017–0020, 2017-Ohio-7052, reversed the judgment of the trial court and remanded the matter to that court with instructions to make findings of fact and conclusions of law to support the dismissal of appellants Post-Conviction Petition without a hearing. The trial court issued Findings of Fact and Conclusions of Law on March 27, 2018. The trial court stated, in its Findings of Fact and Conclusions of Law, in relevant part, that appellant has not presented any evidence to support his tampering claim and that appellant "was not denied his fundamental right to effective assistance of counsel."
>
> {¶ 11} Appellant now raises the following assignments of error on appeal:
>
> {¶ 12} "I. APPELLANT'S GUILTY PLEA WAS NOT ENTERED KNOWINGLY, VOLUNTARILY, OR INTELLIGENTLY WHICH WAS PREMISED UPON INCORRECT LEGAL ADVICE, THIS RECEIVING INEFFECTIVE ASSISTANCE OF COUNSEL."
>
> {¶ 13} "II. TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S PETITION WITHOUT A HEARING WHEN APPELLANT ALLEGED SUBSTANTIAL OPERATIVE FACTS IN SUPPORT OF GRANTING THE PETITION."
>
> {¶ 14} "III. RES JUDICATA IS INAPPLICABLE."

*State v. Horton*, 5th Dist. No. CT2018-0019, 2018 WL 3853565, at *1-2 (Ohio Ct. App. Aug. 10, 2018). On August 10, 2018, the appellate court affirmed the trial court's judgment. *Id.* On January 23, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Horton,* 154 Ohio St.3d 1479 (Ohio 2019).

3

On September 20, 2018, Petitioner filed a motion for leave to file a motion for a new trial, asserting that his convictions were based on insufficient evidence and that he had newly discovered evidence relating to a claim of tampering of evidence. (ECF No. 12, PAGEID # 332, 333.) On October 5, 2018, the trial court denied the motion. (PAGEID # 345.) Petitioner filed a timely appeal. (PAGEID # 347.) On February 19, 2019, the appellate court affirmed the trial court's dismissal of that action as untimely and for failure to file an affidavit as required under Ohio Crim. R. 33(C). (PAGEID # 382, 388.) On June 26, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (PAGEID # 481.)

On September 13, 2019, Petitioner filed this pro se federal habeas corpus petition. He asserts that the trial court improperly denied his motion for a new trial based on prosecutorial misconduct (claim one); and that there lacked a factual basis for his no contest plea (claim two). It is the position of the Respondent that Petitioner has waived these claims by entry of his no contest plea and that they are procedurally defaulted and without merit.

## II.    LAW AND ANALYSIS

Ordinarily, a plea of guilt conclusively admits the defendant's guilt to the crimes charged, and any subsequent collateral attack upon that plea is limited to an inquiry as to whether it was voluntarily and knowingly given. *United States v. Broce*, 488 U.S. 563, 569 (1989). Thus, federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973).

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

4

*Id*. at 267.  "[A] guilty plea is an admission of all the elements of a formal criminal charge." *McCarthy v. United States*, 394 U.S. 459, 466 (1969).  A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him.  *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy*, 394 U.S. at 466.  "This includes due process claims of prosecutorial misconduct unless it appears from the face of the indictment or the record at the time the guilty plea was entered that the government lacked the power to prosecute."  *United States v. Ayantayo*, 20 F. App'x 486, 487-88 (6th Cir. 2001) (citing *Tollett,* 411 U.S. at 266–67; *United States v. Broce*, 488 U.S. 563, 574–75, (1989)); *see also Heximer v. Woods*, No. 2:08-cv-14170, 2012 WL 899358, at *7 (E.D. Mich. Mar. 16, 2012) ("A plea of guilty or nolo contendere waives a defendant's right to claim pre-plea claims of prosecutorial misconduct." (citing *Ayantayo*, 20 F. App'x at 487–88) ); *see also Carley v. Hudson,* 563 F. Supp. 2d 760, 774 (N.D. Ohio 2008) (claim of prosecutorial misconduct waived by entry of guilty plea); *Rhodes v. United States*, Nos. 2:15-cv-2756, 2:12-cr-00122, 2017 WL 978118, at *10 (S.D. Ohio Mar. 14, 2017) ("Petitioner's claim that he has been wrongly prosecuted on the basis of false evidence or lies is foreclosed by Petitioner's admission of guilt.").

Thus, Petitioner has waived his claims by entry of his guilty plea, which included a stipulation to the testing and weight of drug evidence attached to his guilty plea form.  (ECF No. 12, PAGEID # 68-69; *Transcript*, ECF No. 12-1, PAGEID # 486.)  Moreover, neither of Petitioner's claims provide him a basis for relief.

The United States Constitution does not require the development of a factual basis for a guilty plea.  Although the law requires a trial court to elicit a factual basis for the plea prior to accepting a defendant's guilty plea, the lack of such development will not provide a basis for

5

relief in habeas. *Dunn v. Bell*, No. 2:06-cv-14918, 2006 WL 3206125 (E.D.Mich. Nov.6, 2006) ("There is no federal constitutional requirement that a factual basis be established to support a guilty plea") (citing *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995); *Guzman v. Houk*, No. 2:04-cv-194, 2006 WL 1064052, at *20 (S.D. Ohio Apr. 20, 2006) (citation omitted). "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995). Thus, Petitioner's claim that the trial court failed to establish a sufficient factual basis to support his guilty plea does not provide a basis for federal habeas relief because the federal constitution contains no such requirement.

Petitioner also asserts that the prosecutor suppressed material evidence. According to Petitioner, newly discovered evidence demonstrating incongruity in drug testing reports shows that Detective K.C. Jones altered or tampered with the evidence against him. (*See Reply*, ECF No. 16, PAGEID # 547.) However, nothing in the record supports this allegation. This claim entirely lacks any record support.

### III. DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED.**

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

        s/ *Elizabeth A. Preston Deavers*
        ELIZABETH A. PRESTON DEAVERS
        CHIEF UNITED STATES MAGISTRATE JUDGE